UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUIS OROZCO SANDOVAL,

*Petitioner*,

v. Case No. 3:26-cv-2021-JEP-SJH

ACTING SECRETARY
MARKWAYNE MULLIN, et al.,

*Respondents*.
_________________________________/

**ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an order directing Respondents to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) or, alternatively, release him. (*See* Doc. 1 at 12). Petitioner is a citizen of Mexico who entered the United States without inspection on January 16, 2001. (*Id.* at 1). On July 29, 2026, local law enforcement arrested Petitioner. (*Id.* at 2). He was subsequently transferred into ICE custody. (*Id.*). Petitioner generally contends that his current detention without a bond hearing as contemplated by § 1226 violates the Immigration and Nationality Act ("INA"), due process, and the Administrative Procedure Act. (*See id.* at 9–11).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). It likewise concluded that a mandatory detention under § 1225(b)(2)(A) comported with due process requirements. *See Diaz Lopez*, 817 F. Supp. 3d at 1278; *Lozano Sousa*, 2026 WL 958794, at *4. However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).[1] The Eleventh Circuit's decision addressed only the statutory interpretation issue—it did not address any due process claim.

---

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding

The Federal Respondents concede that this Court is bound by the Eleventh Circuit's decision in this case and certify that Petitioner is being detained pursuant to 8 U.S.C. § 1226(a). (Doc. 7 at 3–4). Nevertheless, the Federal Respondents argue that the petition should be dismissed without prejudice for Petitioner's failure to exhaust his administrative remedies because he did not seek review of ICE's initial custody determination before an immigration judge or appeal to the Board of Immigration Appeals ("BIA"). (*Id.* at 4). Petitioner filed a reply acknowledging that he failed to exhaust administrative remedies and asking the Court to excuse the exhaustion requirement. (Doc. 8 at 3).

A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. *Id.* at 474–75.

Because Petitioner has not requested a bond hearing before an immigration judge, he has failed to exhaust his administrative remedies. *See, e.g., Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at

authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

*2 (M.D. Fla. July 17, 2026) (concluding that the petitioner failed to exhaust administrative remedies because she did not seek a bond redetermination before an immigration judge); *Vasquez Martinez v. Warden*, No. 3:26-CV-1841-MMH-LLL, 2026 WL 2388997, at *2 (M.D. Fla. Aug. 17, 2026) (same); *Rosales Ramirez v. Warden*, No. 3:26-CV-943-CCB-SJF, 2026 WL 2363587, at *3 (N.D. Ind. Aug. 14, 2026) (same). In contrast to the cases in which the Court previously excused an alien's failure to exhaust,[2] before Petitioner filed the petition, the Eleventh Circuit concluded that aliens detained within the interior of the United States, such as Petitioner, are entitled to a bond hearing, and the Federal Respondents expressly concede in this case that Petitioner is being detained pursuant to § 1226. Further, the BIA "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit—even if the Attorney General or the BIA itself disagrees with that precedent." *Garcia v. Garland*, 73 F.4th 219, 230 n.7 (4th Cir. 2023); *see also Stevens v. Osuna*, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)).

[2] *See, e.g.*, *Bracho v. Woodall*, No. 3:26-CV-293-JEP-SJH, 2026 WL 2249510, at *1 n.2 (M.D. Fla. Aug. 5, 2026); *Lopez Velasquez v. Warden, N. Fla. Det. Ctr.*, No. 3:26-CV-919-JEP-MCR, 2026 WL 2013976, at *1 n.2 (M.D. Fla. July 13, 2026); *Suazo-Calderon v. Mullin*, No. 3:26-CV-575-JEP-MCR, 2026 WL 1745796, at *1 n.1 (M.D. Fla. June 17, 2026).

As such, the Court no longer is persuaded that a request for a bond redetermination would be futile or predetermined. Therefore, if Petitioner desires a bond hearing before an immigration judge,[3] he may request one orally or in writing to the immigration court. *See* 8 C.F.R. § 1003.19(b), (c).[4] He may then appeal the immigration judge's decision to the BIA. *See id*. §§ 1003.1(b)(7), 1003.19(f).

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice** for Petitioner's failure to exhaust.
2. The Warden's motion to dismiss (Doc. 6) is **DENIED as moot**.
3. The Clerk is **DIRECTED** to enter judgment dismissing without prejudice the petition, terminate any pending motions as moot, and close this case.

---

[3] Petitioner is not entitled to immediate release. *See Portillo*, 2026 WL 2069943, at *2 ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).

[4] "A request for a bond hearing should state: the full name and alien registration number ('A number') of the alien; the bond amount set by the [Department of Homeland Security]; and if the alien is detained, the location of the detention facility." Executive Office for Immigration Review, Policy Manual, Bond Proceedings, Chapter 8.3(c), *available at* https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-8-3.

**DONE AND ORDERED** in Jacksonville, Florida, on September 24th, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record